## No. 750.

### W. D. SCHOFIELD vs. CANE, OUSLEY & BENNETT.

A secret stipulation in articles of partnership will not affect the rights of employees suing the firm for wages.

A partner who sees a salesman attending to the duties of that employee in the store, buys goods of him, and is waited on by him, will not be believed when she swears on the trial of a suit of that salesman against the firm for wages, that he was not acting there in that capacity.

A clerk, employed for a year and discharged before its expiration for no fault of his, is entitled to his wages for the year.

All the members of a mercantile firm are bound by the acts and contracts of each partner with reference to the business.

APPEAL from the District Court for Caddo.    LOONEY, J.

*Wise* for Plaintiff.    *Nutt & Leonard* for Defendants.

MANNING, C. J.    The plaintiff sues for a year's salary as cotton buyer and clerk, under a contract with the defendants, who are merchants in Shreveport.    He admits a partial payment, which is credited properly in his petition.

Schofield *vs.* Cane, Ousley & Bennett.

Mrs. Cane is head of the firm, and its only responsible member, and denies that she employed or authorized the employment of the the plaintiff.

The evidence is that the firm exists, or existed, at the time of plaintiff's employment, that Mrs. Cane does not personally attend to the business, but entrusts its active management to the other partners.

The plaintiff's services were engaged by Ousley, and it is stipulated in the articles of partnership that he had no authority to employ clerks. The articles are not in the record, and were a secret arrangement between the members of the firm. After the plaintiff was discharged he was shewn this stipulation. He knew nothing of it when his services were engaged, and he had no means of finding it out. He rightly supposed he was not affected by this secret stipulation.

Mrs. Cane swears that she had no knowledge that Schofield was employed. She saw him looking at cotton that the firm had bought or was selling. He wrapped up goods for her in the store and delivered the bundle to her. The firm were engaged in the retail of dry goods and groceries as well as in cotton buying. Mrs. Cane says she would go into her own store and say what she wanted, and Schofield, from behind the counter waited on her, got the goods, and handed them to her, but Mr. Ousley told her that Schofield was doing business for himself, and Mrs. Cane says she believed it. We do not.

The engagement of plaintiff was for a year. He was discharged before its expiration, and for no fault of his; no complaint is made of his inefficiency. The refusal to pay is based upon absence of employment by the firm, and the want of authority in the member that did employ him.

All the members of a co-partnership are bound by the acts of and contracts of one partner with reference to the business and affairs of the partnership. The authority of a partner to bind his firm, in relation to a matter belonging to or connected with the partnership business, rests upon necessity. Mercantile business could not be carried on without the recognition of this legal liability, and it is uniformly enforced.

*Judgment affirmed.*

Mr. Justice EGAN recused himself in this case, having been of counsel.